UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NEW WORLD INVESTMENTS, LLC,

           Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY *et al.*,

           Defendants.

Case No.: 2:17-cv-02550-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 16), filed by Plaintiff New World Investments, LLC ("Plaintiff"). Defendant Deutsche Bank National Trust Company ("Defendant") filed a Response, (ECF No. 19), and Plaintiff did not file a reply. For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**.

## I.    BACKGROUND

Plaintiff filed this action in state court on August 22, 2017, seeking to quiet title to the real property located at 849 Hedge Way, Unit #6, Las Vegas, NV 90110. (Compl., Ex. A to Pet. for Removal, ECF No. 1-2). Defendant removed the action to this Court pursuant to 28 U.S.C. § 1331, citing to the Ninth Circuit's decision in *Bourne Valley Ct. Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). (Pet. For Removal ¶¶ 3–4, ECF No. 1). In the instant Motion, Plaintiff seeks to remand this case back to state court based on the lack of a federal question. (*See* Mot. to Remand, ECF No. 16).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly

construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

### III. DISCUSSION

Plaintiff contends that Defendant's "reliance on *Bourne Valley* amounts to a defense to Plaintiff's claim for relief. There is no federal question on the face of the complaint. There is no federal law in dispute, and allowing removal would eviscerate the balance between federal and state courts." (Mot. to Remand 5:20–22, ECF No. 16).

In response, Defendant argues that jurisdiction is established under the well-pleaded complaint rule because "it is clear from the face of the Complaint that Plaintiff's 'right to relief' depends on a substantial question of federal law." (Resp. 5:3–4, ECF No. 19). Specifically, Defendant argues that Plaintiff's right to quiet title "depends on a substantial question of federal law – namely, the unconstitutionality of the that [sic] statutory scheme affording notice under federal due process principles – thereby conferring jurisdiction under § 1331." (Resp. 6:9–12; ECF No. 19).

In the alternative, Defendant claims that three exceptions to the well-pleaded complaint rule apply. First, Defendant argues that jurisdiction exists under the substantial federal question exception. (*Id.* 9:11–12). Second, Defendant avers that "this case qualifies for the 'artful pleading' exception because state and federal decisions have reached different conclusions on the same major issue of federal law that is outcome determinative." (*Id.* 6:13–15). Third, Defendant asserts that "[f]ederal question jurisdiction is also present here because the 'defensive coercive action' exception applies." (*Id.* 12:2–3). The Court will address each of Defendant's arguments in turn.

### A. Well-Pleaded Complaint Rule

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Here, Plaintiff has not stated any federal claims. Plaintiff's claims against Defendant for quiet title and declaratory relief arise under state law. Accordingly, the Court finds that Defendant has failed to establish federal question jurisdiction under the well-pleaded complaint rule.

### B. Substantial Federal Question Exception

Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983). However, there is a narrow category of state law claims that "implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under the substantial federal question doctrine, "[f]ederal jurisdiction over a state law claim may lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Premier One Holdings, Inc. v. Nationstar Mortg.*, LLC, No. 2-17-cv-01133-RFB-NJK, 2018 WL 3207590, at *2 (D. Nev.

June 30, 2018) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

The second element of the *Grable* test requires that a federal issue be actually disputed. At the time Defendant sought to remove the case, the Ninth Circuit had already decided *Bourne Valley*. Thus, when Defendant filed its Petition for Removal, "a federal court had determined that the nonjudicial foreclosure scheme of NRS 116 was unconstitutional; therefore, there remained no disputed federal issue at the time of removal." *Premier One Holdings, Inc.*, 2018 WL 3207590 at *2 (D. Nev. June 30, 2018) (finding that "as there no longer remained a disputed federal issue at the time Nationstar removed this case to federal court, the *Grable* test is not satisfied, and federal question jurisdiction is improper"). In light of the fact that there is no federal disputed issue, the *Grable* test has not been satisfied, and the Court need not analyze the remaining elements. Accordingly, jurisdiction cannot be based on the substantial federal question exception to the well-pleaded complaint rule.

**C. Artful Pleading Exception**

Under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 22 (1983). "The artful pleading doctrine allows courts to 'delve beyond the face of the state court complaint and find federal question jurisdiction' by 'recharacteriz[ing] a plaintiff's state-law claim as a federal claim.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), as amended (Sept. 22, 2003) (quoting *Precision Pay Phones v. Qwest Communications Corp.*, 210 F. Supp. 2d 1106, 1112–13 (N.D. Cal. 2002)). Courts have used the artful pleading doctrine in complete preemption cases, substantial federal question cases, and cases where the claim is necessarily federal in character. *See Id.* 340 F.3d at 1041 (9th Cir. 2003); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th

Cir. 2000). However, the artful pleading doctrine should only be invoked in "limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id.* (citation and internal quotation omitted).

As the Court has already found that substantial federal question does not apply in this case, the Court will address Defendant's argument that the instant matter is a preemption case. Specifically, Defendant argues "that the Ninth Circuit did not agree with *SFR*'s reasoning on the issue of federal due process, and intended to displace that precedent with its own," and "[b]ecause the two precedents are in conflict and the Ninth Circuit intended for its decision to displace Nevada's on an issue of federal constitutional law, quiet title actions based on NRS 116.3116 et seq. are completely preempted by federal law." (Resp. 8:8–12).

The "complete pre-emption doctrine" describes "those cases in which federal law completely preempts state law and provides a federal remedy." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1403 (9th Cir. 1988). Complete preemption "provides that, in some instances, 'the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law . . . [and] any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)).

Here, there is no federal statute at issue; rather, there are competing interpretations of a state statute as a result of the Ninth Circuit's decision in *Bourne Valley*. Therefore, there has been no preemption of state law through federal regulation or federal statute. *See ARCO*, 213 F.3d at 1114 ("Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case."). Thus, the Court finds that complete preemption does not

apply and is not persuaded by Defendant's argument that the claims are not necessarily federal in character. Accordingly, the Complaint does not artfully plead a federal cause of action.

### D. Coercive Action Exception

Additionally, the Court is not persuaded by Defendant's argument that the coercive action doctrine allows this case to remain in federal court. A narrow exception to the well-pleaded complaint rule exists in the context of certain "coercive" actions for declaratory judgment. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). However, "[d]eclaratory actions, such as a claim for quiet title, do not implicate the same considerations as coercive actions." *Alessi & Koenig LLC v. Fed. Nat'l Mortg. Ass'n*, No. 2-15-cv-01946-GMN-GWF, 2017 WL 2636044, at *3 (D. Nev. June 19, 2017); *Salomon v. Fed. Nat'l Mortg. Ass'n*, No. 2-15-cv-00332-GMN-VCF, 2017 WL 1273868, at *2 (D. Nev. Mar. 31, 2017).

Here, as in the cases cited *supra*, the face of the Complaint contains only claims based on state law, and Defendant has not convincingly shown an exception to the well-pleaded complaint rule. Rather, this case more closely resembles the "settled law that a case may not be removed . . . on the basis of a federal defense," than the doctrine described in *Medtronic*, where a request for declaratory judgment is closely related to a viable federal coercive claim. *See Thunder Properties, Inc. v. Treadway*, No. 3-15-cv-00141-MMD-VPC, 2017 WL 899961, at *3 (D. Nev. Mar. 7, 2017) (rejecting the argument that the coercive action doctrine establishes federal jurisdiction in a similar case). The Court therefore finds that Defendant has failed to establish federal question jurisdiction in this action.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this __29__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court